IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marilyn Hamilton, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Prisma Health Greenville Memorial ) <br> Hospital, Prisma Health GMH ) <br> Administrative Department, Prisma ) <br> Health GMH Housekeeping ) <br> Department, Jordan Hemmingway, ) <br> Erica Wren, and Steven Davidson, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 6:23-cv-1935-TMC <br><br> **ORDER** |

Plaintiff Marilyn Hamilton ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action on May 9, 2023. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge subsequently issued three proper form orders (ECF Nos. 8, 14, and 22), informing Plaintiff her case was not in proper form for service and instructing her to provide certain documents to bring her case into proper form. In each order, Plaintiff was warned her failure to comply may result in the dismissal of her case for failure to prosecute and failure to comply with court orders. (ECF Nos. 8 at 1; 14 at 2; 22 at 1). Though she submitted documents in response to each order, (ECF Nos. 11, 19, and 24), Plaintiff failed to cure the deficiencies as set forth in the proper form orders.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Plaintiff's action without prejudice, without leave to amend, and without issuance and service of process for failure to state a claim and failure to comply with

1

court orders.  (ECF No. 29).  Plaintiff was advised of her right to file specific objections to the Report, *id*. at 10, but she failed to do so.  The time for her to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting

the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, after a careful and thorough review of the Report and Plaintiff's pleadings, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 29), which is incorporated herein by reference. Accordingly, for the reasons stated therein and in this Order, this case is **DISMISSED without prejudice**, without leave to amend, and without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 17, 2023
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.